Matter of Rosales (2019 NY Slip Op 05835)





Matter of Rosales


2019 NY Slip Op 05835


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: July 25, 2019
[*1]
In the Matter of DANIEL MICHAEL ROSALES, a Resigned Attorney.
 
(Attorney Registration No. 5404553)

Calendar Date: June 24, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Daniel Michael Rosales, Denver, Colorado, respondent
pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Daniel Michael Rosales was admitted to practice by this Court in January 2016. Rosales was later admitted in New Mexico in September 2016 and in Colorado in March 2017. In November 2017, Rosales applied for leave to resign from the New York bar for nondisciplinary reasons, and this Court granted Rosales' application and removed his name from the roll of attorneys and counselors-at-law (156 AD3d 1212 [2017]). Rosales now applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]), and, by June 2019 correspondence, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it defers to this Court's discretion on the application.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b), an attorney seeking reinstatement following nondisciplinary resignation must make his or her application by standardized form affidavit as provided in appendix F to those Rules and provide notice of the application to AGC (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). An applicant "should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [2018]; see Matter of Gaudioso, 159 AD3d 1217, 1218 [2018]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Upon AGC being heard on the application, we may grant the application, with or without any conditions we deem appropriate, or deny the application, with leave to renew upon the completion of the Multistate Professional Responsibility Examination or the New York Bar Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; see generally Matter of Tuve, 171 AD3d 1392, 357 [2019]).
We find that Rosales has properly completed the required form affidavit, which raises no concerns about his character and fitness to resume the practice of law in this state. Further, Rosales provides proof that he is in good standing in those other jurisdictions where he remains admitted. Finally, he has submitted proof that he is in compliance with his continuing legal education requirements in New Mexico and in Colorado, his home jurisdiction, which, in turn, would satisfy his continuing legal education requirements in this jurisdiction were he to be [*2]reinstated (see Rules of App Div, All Depts [22 NYCRR] §§ 1500.5 [b] [1]; 1500.22 [n] [1]). Accordingly, having determined that Rosales "has the requisite legal training and experience, as well as the necessary character and fitness, to justify his reinstatement," we grant his application and restore his name to the roll of attorneys and counselors-at-law in this state, effective immediately (Matter of Weiss, 166 AD3d at 1160).
Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that Daniel Michael Rosales application for reinstatement is granted; and it is further
ORDERED that Daniel Michael Rosales name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Daniel Michael Rosales shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.